**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 05-4964

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMARI HARCUM,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.  (CR-
05-188-JFM)

_____

Submitted:  May 18, 2006                Decided:  June 6, 2006

_____

Before WIDENER, WILKINSON, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Edwin  S.  MacVaugh,  Tara  G.  LeCompte,  Towson,  Maryland,  for
Appellant.  Rod J. Rosenstein, United States Attorney, James T.
Wallner, Assistant United States Attorney, OFFICE OF THE UNITED
STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jamari Harcum was convicted by a jury of possession with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2006). The district court sentenced Harcum to a total of sixty-seven months imprisonment and three years of supervised release. Harcum challenges his convictions, arguing that the district court erred in denying his motion to suppress. For the reasons that follow, we affirm.

On February 11, 2005, several members of a joint Federal/State task force, including members of the Baltimore City Police Department, were involved in investigating narcotics trafficking via commercial carriers. In conjunction with this investigation, the Task Force began surveillance of Harcum in Baltimore City, Maryland. The Task Force members were dressed in plain clothes and drove unmarked vehicles. During the surveillance, Harcum employed at least two counter-surveillance maneuvers, the second of which temporarily resulted in a single Task Force Member, Detective George Vigue of the Baltimore City Police, remaining in surveillance of Harcum. While following Harcum, Vigue personally observed Harcum failing to stop at stop signs posted at two separate intersections in Baltimore City.

2

By the time Detective Vigue observed the traffic infractions, the Task Force members, who had remained in contact with one another via Nextel cellular telephones to share their collective observations of Harcum's movements, suspected that Harcum was in possession of narcotics. Detective Vigue notified the other Task Force members of the traffic violations and a decision was made to have a Baltimore City uniformed officer stop Harcum's vehicle. According to Detective Vigue, the Task Force uses uniformed officers with distinctive vehicles (as opposed to plain-clothed officers in unmarked vehicles) to stop a suspect as a safety precaution because it tends to eliminate misunderstandings that might otherwise occur.

Baltimore City Police Detective Forrest Taylor, who was in uniform and driving a marked police car with lights and siren, was in the area at the time and was asked by Detective Vigue's supervisor to stop Harcum's vehicle. Detective Taylor stopped the vehicle as requested and, shortly thereafter, Task Force members arrived and took control of the stop. Officer Hymel, a canine handler with the Maryland State Police, was asked to respond with a drug-detecting dog. The dog ultimately alerted to a bookbag in the front passenger foot well area of the vehicle, which was seized and found to contain over 1500 grams of marijuana in Ziploc bags. A Smith and Wesson 9 millimeter semi-automatic handgun with ammunition was also found on Harcum's person during a pat-down.

Harcum filed a motion to suppress the evidence derived from the traffic stop, claiming that the stop violated his rights under the Fourth Amendment to the United States Constitution. Following a hearing, the district court denied the motion.

Motions to suppress are decided by the district court, which may make findings of fact and rulings of law. See United States v. Stevenson, 396 F.3d 538, 541 (4th Cir. 2005). "[T]he standard for our review is well-established: We defer to the district court's factual findings and do not set them aside unless clearly erroneous; and we review legal conclusions de novo." Id.; see also Ornelas v. United States, 517 U.S. 690, 699 (1996).

A traffic stop is permissible if the officer has probable cause or a reasonable suspicion to believe that a traffic violation has occurred. See Whren v. United States, 517 U.S. 806, 810 (1996); United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). When an officer observes even a minor traffic offense, a stop of the vehicle is permissible, and this is so even if the officer suspects the vehicle's occupants of some other criminal activity. See Hassan El, 5 F.3d at 730. The subjective motivations of the officers involved are not determinative; indeed, the stop "remains valid even if the officer would have ignored the traffic violation but for his other suspicions." Id. at 730 (internal quotations marks omitted).

4

In this case, Detective Vigue's observation of Harcum's failure to stop at the stop signs provided a sufficient basis to stop Harcum's vehicle.  Harcum claims, however, that the district court clearly erred in finding that he was properly stopped for a traffic violation because Detective Forrest did not personally observe the alleged moving violations, was not a member of the Task Force, and only stopped the vehicle at the direction of a Task Force member.  Harcum also claims that the district court clearly erred in crediting the testimony of Detective Vigue and finding that Harcum committed the alleged traffic violations.

We are unpersuaded.  Contrary to Harcum's contention, the fact that Detective Forrest stopped him at the direction of the Task Force members and did not personally observe a traffic violation is irrelevant.  See United States v. Laughman, 618 F.2d 1067, 1072 (4th Cir. 1980) ("[S]o long as the officer who orders an arrest or search has knowledge of facts establishing probable cause, it is not necessary for the officers actually making the arrest or conducting the search to be personally aware of those facts"); see also United States v. Pitt, 382 F.2d 322, 324 (4th Cir, 1967) ("Probable cause . . . can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest").  We have also reviewed the testimony and other evidence presented and see no basis upon which to conclude that the district court erred in crediting the testimony of Detective Vigue

5

when making its factual findings.  See Stevenson, 396 F.3d at 543 (noting that appellate courts must defer to the trial court's factfinding function on motion to suppress).

Accordingly, we hold that the district court did not err by denying Harcum's suppression motion and affirm his conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6